J-S49016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS J. CROSSLEY | |
| Appellant | No. 3594 EDA 2015 |

Appeal from the PCRA Order October 27, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004523-2009
CP-23-CR-0004531-2009
CP-23-CR-0005623-2009

BEFORE:  PANELLA, OLSON, JJ. and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                    **FILED JULY 13, 2016**

Appellant, Thomas J. Crossley, appeals *pro se* from the order entered on October 27, 2015, dismissing his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm the dismissal of this untimely petition.

On March 3, 2010, Appellant pled guilty to 70 counts of burglary, one count of conspiracy, and two counts of robbery.  On that same day, the trial court sentenced Appellant to ten to 30 years' incarceration, followed by ten years' probation, in accordance with the terms of the negotiated plea. Appellant did not file post-sentence motions or a notice of appeal from the judgment of sentence.

_____
*Former Justice specially assigned to the Superior Court.

On July 27, 2010, Appellant filed an untimely, *pro se* motion to modify his sentence, which the court treated as a timely PCRA petition. The PCRA court dismissed the petition on April 15, 2011. A timely appeal followed. This Court affirmed the dismissal of Appellant's petition on April 2, 2012.

Appellant filed his second PCRA petition on April 19, 2012. Appellant's petition alleged that he did not enter a voluntary plea because of an alleged threat issued by the trial court to sentence him to 160 years' imprisonment. The PCRA court dismissed Appellant's petition without a hearing on June 2, 2014. We affirmed that dismissal order on February 6, 2015.

Subsequently, Appellant obtained a copy of his guideline sentencing form through a Freedom of Information Act request. He thereafter filed his third petition, *pro se*, on July 28, 2015, in the form of a petition for writ of *habeas corpus*. The court treated Appellant's submission as a petition under the PCRA. Appellant claimed that plea counsel was ineffective and that his sentence was "illegal" because it exceeded the guidelines and because the sentencing court never stated its rationale on the record or completed the guideline sentencing form. Appellant's Brief at 7. The PCRA court dismissed this petition as untimely by order dated October 27, 2015. This appeal followed.[1]

Appellant raises the following questions for our review:

---

[1] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Whether Appellant's failure to raise issues concerning his sentencing in a motion [pursuant to] Pennsylvania Rule of Criminal Procedure [720] constitute[d] a knowing and intelligent waiver since he was not informed on the record that failure to so file would affect his right to raise issues upon appeal?

Whether [] trial counsel was ineffective in that he failed to raise these issues presented as questions herein either at Appellant's sentencing hearing or in a motion pursuant to Pennsylvania Rule of Criminal Procedure 720?

Whether the trial court erred by sentencing Appellant unreasonably outside the sentencing guidelines?

Whether the trial court erred by failing to state upon the record during sentencing proceedings and in a [c]ontemporaneous [m]emorandum his reasons for the sentence imposed?

Appellant's Brief at 3.

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. Because the time-bar implicates the subject matter jurisdiction of our courts, we first determine the timeliness of a petition before we consider the underlying claims. *Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999). As our Supreme Court explained:

the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. *See, e.g., Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); *Commonwealth v. Fahy*, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition).

\*\*\*

- 3 -

[Timeliness] is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

***Commonwealth v. Whitney***, 817 A.2d 473, 475-76 (Pa. 2003).

This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is appropriate." ***Commonwealth v. McKeever***, 947 A.2d 782, 785 (Pa. Super. 2008); ***see also*** 42 Pa.C.S.A. § 9545(b). A judgment of sentence becomes final at the conclusion of direct review or at the expiration of the time for seeking review. ***Fahy***, 737 A.2d at 218.

> The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

- 4 -

***Commonwealth v. Brown***, 111 A.3d 171, 175-176 (Pa. Super. 2015).

In the case at bar, Appellant's judgment of sentence became final on April 2, 2010, when his time for filing a direct appeal to this Court expired. ***Fahy***, 737 A.2d at 218; Pa.R.A.P. 903(a). Appellant then had until April 2, 2011 to file a timely PCRA petition. 42 Pa.C.S.A. § 9545(b)(1). As Appellant did not file his current petition until July 28, 2015, his petition is patently untimely. The burden thus falls upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applies to his case. ***Brown***, 111 A.3d at 175.

Appellant argued in his petition that his claims are not time-barred because of the "newly discovered facts" exception.[2] PCRA Petition, 8/20/15, at ¶¶ 9-15. Specifically, Appellant maintains that the guideline sentencing form he recently obtained includes facts that were previously unknown to him and which could not have been ascertained by the exercise of due diligence.[3] ***Id.***

_____

[2] ***See*** 42 Pa.C.S.A. § 9545(b)(1)(ii).

[3] Alternatively, Appellant contends that § 9545(b)(1)(i) excuses the untimeliness of his petition because the sentencing judge interfered with the presentation of these claims in violation of Appellant's constitutional right to due process of law. PCRA Petition, 8/20/15, at ¶ 14. This Court is uncertain what Appellant's theory of governmental interference might be. Since Appellant did not request the guideline sentencing form until five years after

*(Footnote Continued Next Page)*

[A]s an initial jurisdictional threshold, [§ 9545(b)(1)(ii)] requires [Appellant] to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, [Appellant] can present a substantive after-discovered-evidence claim.

*　　*　　*

In other words, the "new facts" exception at [§ 9545](b)(1)(ii) has two components, which must be alleged and proved. Namely, [Appellant] must establish that: 1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence**.

*Commonwealth v. Brown*, 111 A.3d 171, 176-77 (Pa. Super. 2015) (emphasis in original, citations and quotations omitted). "Due diligence demands that the [appellant] take reasonable steps to protect his own interests." *Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa. Super. 2001). We strictly enforce this rule. *Id.*

The guideline sentencing form upon which Appellant bases his claims is part of the public record of this case. It was available for Appellant's review since April of 2010. As the PCRA court observed:

Waiting in excess of five (5) years to make an application for a copy of court documents that have been noted on the Administrative Office of the Pennsylvania Courts Delaware County computerized criminal docket since April of 2010 cannot reasonably or otherwise be seen as exercising due diligence.

PCRA Court Opinion, 2/12/16, at 16.

*(Footnote Continued)* ─────────────────

his sentencing hearing, he cannot argue that any act or omission of the sentencing judge is responsible for the delay in raising the instant claims. We are therefore not convinced that the governmental interference exception applies here.

Appellant fails to plead or prove any explanation as to why, in the exercise of due diligence, he could not have acquired the guideline sentencing form, or learned of the information contained therein, within the one-year period prescribed by the PCRA. *See Commonwealth v. Lopez*, 84 A.3d 195, 196 (Pa. 2012) (concluding that PCRA petition does not qualify for exception found at § 9545(b)(1)(ii) where information at issue was publicly available for years and discoverable); *see also Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008) (petitioner's failure to explain why he did not request information earlier defeats governmental interference and newly discovered facts exceptions to PCRA time-bar). Therefore, Appellant's attempt to invoke the "newly discovered facts" exception to the PCRA time-bar fails and the PCRA court correctly dismissed his petition as untimely. *See Brown*, 111 A.3d at 176-77.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/13/2016